```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

MARILYN A. McNULTY                  :   BK No. 10-14813
         Debtor                             Chapter 7

- - - - - - - - - - - - - - - - - -x
```

### DECISION AND ORDER DENYING DEBTOR'S EXEMPTION CLAIM

APPEARANCES:

    Andrew S. Richardson, Esq.
    Chapter 7 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

    David L. Graham, Esq.
    Attorney for Debtor
    1804 Mineral Spring Avenue
    North Providence, Rhode Island 02904

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-14813

Heard on the Trustee's Objection to the Debtor's claim of exemption in the proceeds of a work related injury claim. The question presented is whether, under 11 U.S.C. § 522(d)(10)(C), the proceeds of a workers' compensation claim received and converted to cash prior to bankruptcy are exempt property within the meaning of § 522(d)(10)(C).

## TRAVEL

On February 4, 2010, Marilyn A. McNulty (the "Debtor") received an award in the Rhode Island Workers Compensation Court (the "award"). Upon entry of the Final Decree the Debtor received a check in the amount of $43,225.90 which she deposited in a separate bank account, and those funds remain on deposit in the same account. In November 2010, the Debtor filed this Chapter 7 case and claimed the entire amount of the award as exempt, pursuant to 11 U.S.C. § 522(d)(10)(C). There are no disputed issues of fact.

## DISCUSSION

Under Fed. R. Bankr. P. 4003(c), the objecting party has the burden to show that the debtor is not entitled to the claimed exemption. In this case that burden is on the Trustee, who argues: (1) that the award was received pre-petition, thereby changing its character from a *claim* or *payment due*, into cash; (2) that thereafter, the cash asset does not qualify as exempt property

1

BK No. 10-14813

under 11 U.S.C. § 522(d)(10)(C), as that section protects *only the Debtor's right to receive benefits*, and not to benefits received pre-petition.  The Trustee relies upon this Court's decision in *In re Bonzey*, 153 B.R. 105, 107 (Bankr. D.R.I. 1993), to support his position.

The Debtor contends that the workers' compensation award is exempt because, upon receipt, it was deposited and held in a discrete bank account, and that the funds have not been commingled and are clearly traceable, and still in her possession.  The Debtor also argues that the mere act of depositing the proceeds of the award in a bank account should not disqualify the property from being treated as exempt.

In *Bonzey*, the question was whether a state statute, R.I. Gen. L. § 28-33-27,[1] protects workers' compensation benefits from the claims of creditors even after the cash proceeds of such an award are paid to the employee, and this Court concluded that such funds are not exempt. In accordance with the traditional rules of statutory interpretation, the Court was bound, "where the statutory

---

[1] (a) No claims or payments *due* for compensation under Chapters 29-38 of this title or under any alternative scheme permitted by §§ 28-29-22 - 28 - 29-29-24, shall be assignable, or subject to attachment, or liable in any way for any debts....
R.I. Gen. Laws  § 28-33-27 (emphasis added).

2

BK No. 10-14813

language is plain and unequivocal, to apply it as written," *In re Bonzey*, 153 B.R. at 107, and that "the plain meaning of the statute must be given effect."  *Id*. at 107.

While the instant case involves Federal exemptions, I agree with the Trustee that the *Bonzey* rationale is applicable here, as well.  Section 522(d)(10)(C) provides:

>    (d)  The following property may be exempted under
>         section (b)(2) of this section:
>
>    (10) The debtor's *right to receive* (emphasis added) –
>
>         (C) a disability, illness, or unemployment benefit;

"When interpreting a federal statute, courts first examine the plain language of the statute."  *In re Schena*, 439 B.R. 776, 780 (Bankr. D.N.M. 2010)(citing *Consumer Product Safety Commission v. GTE Sylvania*, 447 U.S. 102, 108, 100 S.Ct. 2051 (1980)). The operative language in Section 522(d)(10) is the debtor's "right to receive," which is forward looking, i.e., to be paid in the future, and Section 522(d)(10)(C) does not include money received pre-petition, even if such funds are still identifiable.  *See In re Panza*, 219 B.R. 95, 97 (Bankr. W.D. Pa. 1998) ("The overall structure of § 522(d) ... leads us to conclude that funds in a bank account that are derived from (or traceable to) a right to receive

3

BK No. 10-14813

a disability payment [or an unemployment payment] are not also exempt by virtue of § 522(d)(10)(C)").

For the reasons discussed herein, the Trustee's objection to Debtor's claimed exemption is **SUSTAINED**.

This result is mandated, notwithstanding the harsh result for the Debtor, i.e., that the Workers' Compensation Court had determined the amount awarded to the Debtor based upon her life expectancy at a fixed earning capacity. Unfortunately, the Court does not have authority to depart from such a clear statutory directive, and the Debtor is **ORDERED** to turn over the funds in question to the Trustee, forthwith.

Entered as an **ORDER** of this Court.

Dated at Providence, Rhode Island, this 7th day of September, 2011.

　　　　　　　　　　　　　　　　　　*/s/ Arthur N. Votolato*
　　　　　　　　　　　　　　　　　　Arthur N. Votolato
　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge

Entered on docket: 9/7/2011